**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER-OPINION**

September 30, 2008

Zoe Ajjahnon (Pro Se)
P.O. Box 496
Saddle River, N.J. 07458

Colette R. Buchanan, Esq.
United States Department of Justice, Civil Division
970 Broad Street, Suite 700
Newark, NJ 07102

      Re:    **Zoe Ajjahnon v. U.S. Postal Service**
               **Civil Action No.: 08-4123 (JLL)**

Dear Litigants:

      This matter comes before the Court on Pro Se Plaintiff's, Zoe Ajjahnon's, letter requesting interim relief. The Court has considered the papers submitted in support of Plaintiff's application.[1] No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's application is hereby denied in its entirety.

      Plaintiff submitted a letter to this Court on September 9, 2008. At that time, her case was closed. Plaintiff's case was reopened on September 16, 2008. In a letter to this Court received on September 29, 2008 she refers to the September 9 letter as a "letter/motion to the Court for the interim relief of the full use of plaintiff's P.O. Box at the Saddle Ridge post office" and requests that an order be issued granting her this interim relief.

---

[1] Defendant submitted a letter, dated September 25, 2008, stating their position that no opposition was due given that no proper motion had been filed, but that they do oppose the request for interim relief. They requested that if this Court elected to treat the letter submission as a motion that they be given an opportunity to respond. However, for the reasons set forth in this opinion relating to the complete inadequacy of Plaintiff's request, an opposition is not required and so, in the interest of judicial expediency, the Court rules without requesting further submissions.

**Applications for Emergency Relief**

Neither the September 9 letter or the letter received September 29 comply with Local Civil Rule 65.1 governing Applications for Emergency Relief. For example, the letters do not include:

1. A Proposed Order to Show Cause with Temporary Restraints;
2. A "clear and specific showing by <u>affidavit or verified pleading</u> of good and sufficient reasons why a procedure other than by notice of motion is necessary" (emphasis added);
3. An affidavit of fact showing entitlement to relief; or
4. A Memorandum of law providing evidence showing a reasonable probability of success, irreparable injury, a balance of hardships favoring Plaintiff, and that the public interest will be served by granting the relief requested.

The request is simply made via an informal letter to this Court. Thus the basic procedural pre-requisites for an application for emergency relief have not been met and as such, this Court denies the request.

The Court also notes that even if the procedural deficiencies were overlooked by this court due to the pro se status of Plaintiff, the request for interim relief, as made in the letters, would be denied on the merits for the reasons discussed below.

**Standard**

A preliminary injunction is a "drastic and extraordinary remedy that is not to be routinely granted." <u>Intel Corp. v. ULSI Sys. Tech., Inc.</u>, 995 F.2d 1566, 1568 (Fed. Cir.1993). Nonetheless, a trial court's decision to issue a preliminary injunction is discretionary. <u>New Eng. Braiding Co., v. A.W. Chesterton Co.</u>, 970 F.2d 878, 882 (Fed Cir. 1992). The Third Circuit has held that "[w]hen ruling on a motion for preliminary injunctive relief, a district court must consider four factors: (1) the likelihood that plaintiff will prevail on the merits at final hearing; (2) the extent to which plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest." <u>Pappan Enters. V. Hardee's Food Sys.</u>, 143 F.3d 800, 803 (3d Cir. 1998).

A plaintiff must establish more than a <u>risk</u> of irreparable injury. He must demonstrate "a clear showing of immediate irreparable injury." <u>Hoxworth v. Blinder, Robinson & Co.</u>, 903 F.2d 186, 205 (3d Cir. 1990) (quoting <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 225 (3d Cir. 1987)) (emphasis added). Finally, the Third Circuit has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits, stating: "[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." <u>Id.</u> at 197 (quoting <u>In re Arthur Treacher's Franchisee Litig.</u>, 689 F.2d 1137, 1143 (3d Cir.1982)); <u>see</u> also <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 800 (3d Cir.

1989); Morton v. Beyer, 822 F.2d 364, 367 (3d Cir.1987); Freixenet, S.A. v. Admiral Wine & Liquor Co., 731 F.2d 148, 151 (3d Cir.1984).  With this framework in mind, the Court will begin by addressing whether Plaintiff has demonstrated the existence of any immediate irreparable harm.

## Legal Discussion - Irreparable Harm

In order to satisfy the element of irreparable harm, Plaintiff must demonstrate that without the issuance of an injunction, she will suffer harm which cannot be sufficiently redressed following a trial of the matter.  See, e.g., Marsellis-Warner Corp. v. Rabens, 51 F. Supp. 2d 508, 528 (D.N.J. 1999) (citation omitted).  In her complaint, Plaintiff seeks an order directing the United States Postal Services ("USPS") to provide her a P.O. Box without providing a physical address as required by USPS requirements.  Plaintiff has not to date provided a physical address to the USPS, and as a result, she claims that the USPS has stated its intention to no longer hold her mail as of September 30, 2008.  Therefore, she is claiming that without an interim order requiring the USPS to continue holding her mail she will lose the right to receive mail at the Saddle Ridge post office as of September 30, 2008.

Although there may be immediate consequences if this Court does not grant the relief requested, Plaintiff has not demonstrated how this consequence is a harm sufficient to justify the drastic remedy of a temporary injunction.  At most, Plaintiff is arguing in her letters that she will not be able to receive mail via a P.O. Box at the Saddle Ridge post office after September 30, 2008, not that she has no way of receiving mail anywhere.  Even assuming such a showing would be an adequate harm, which the court expresses no opinion on, she provides no evidence establishing that the USPS's release of her mail will have this effect.  Therefore, the Count finds that Plaintiff has not established, or even properly asserted, an irreparable harm and so her request would also be denied on the merits.

## Conclusion

For the reasons stated above, the Court denies Plaintiff's application for a preliminary injunction, with interim restraints.  An appropriate Order accompanies this Opinion.

                                                   /s/ Jose L. Linares
                                         United States District Judge