**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER-OPINION**

October 14, 2008

Zoe Ajjahnon (Pro Se)
P.O. Box 496
Saddle River, N.J. 07458

Colette R. Buchanan, Esq.
United States Department of Justice, Civil Division
970 Broad Street, Suite 700
Newark, NJ 07102

    Re:    <u>Zoe Ajjahnon v. U.S. Postal Service</u>
             Civil Action No.: 08-4123 (JLL)

Dear Litigants:

    This matter comes before the Court on Pro Se Plaintiff's, Zoe Ajjahnon's, letter requesting that the submission be considered an "informal motion for an Order to waive the required verification of physical address for voter registration." The Court has considered Plaintiff's submission and, for the reasons set forth below, Plaintiff's request is hereby denied.

    On August 18, 2008, Plaintiff submitted to this Court a "Non-adversarial . . . Motion/Application for an Order of Exemption from Filing a . . .Current Address with the U.S. Postal Service, Which Amounts to an Order of Protection." Although this "motion/application" failed to comply with any pleading requirements, given Plaintiff's pro se status, this Court liberally construed the request and considered it as a complaint filed against the U.S. Postal Service ("USPS"). This Court then reviewed the complaint, found that it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and dismissed it without prejudice, with leave to Plaintiff to file an amended complaint.

    Plaintiff filed an Amended Complaint. She also filed a letter request for "interim relief." Again, the letter request for interim relief failed to comply with civil procedure rules, specifically it failed to comply with the rules governing Applications for Emergency Relief. Therefore, this Court denied the relief requested. However, given Plaintiff's pro se status, this Court also reviewed the merits of Plaintiff's request, explaining the reasons why relief would be denied

even if such procedural deficiencies were overlooked.

      Plaintiff now submits a letter motion seeking an order from this Court to waive the requirement of providing a physical address for voter registration. This is a completely different request than Plaintiff has made in the past, yet no new complaint has been filed, nor has her current complaint (as fashioned from her original request) been amended to include either the new claim or the new, but unnamed, defendant. As she states in her most recent request, a former landlord, Theresa M. Russo, has been awarded judgments against her, judgments which have been upheld by other courts, but which she nonetheless believes to represent a "miscarriage of justice." Because she believes the prior judgments to be unjust she seeks to have her address shielded from Ms. Russo. Therefore, the present letter request represents another variation on what appears to be her broader assertion that she should not be required to provide her physical address to any government agency for any reason, as she states: "This question extends beyond regulations of the U.S. Postal Service, it is pertinent to other government entities as well."

      Although this Court has been generous with Plaintiff's previous filings, liberally construing them in her favor due to her pro se status, a party's pro se status is not a license to disregard the rules of procedure altogether. Therefore, this Court denies her latest request because of failure to comply with the most basic of pleading requirements: filing of a complaint or amendment of an existing complaint, naming of a defendant, and the statement of a legally cognizable cause of action. However, given her pro se status, the Court will allow Plaintiff to correct the deficiencies in her latest filing by filing an appropriate pleading within twenty (20) days. But, this Court notes that any future filings asserting new causes of action that fail to comply with the Federal Rules of Civil Procedure may be dismissed *with* prejudice.

      An appropriate Order accompanies this Opinion.

      /s/ Jose L. Linares
      United States District Judge